IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LA CARPA CORPORATION,<br><br>    Plaintiff,<br><br>        v.<br><br>ELAM BAER, et al.,<br><br>    Defendants. | CIVIL NO.: 09-2014 (DRD) |

**REPORT AND RECOMMENDATION**

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On September 8, 2007, plaintiff La Carpa Corporation ("La Carpa") contracted defendant American Spaceframe Fabricators LLC ("ASFI") to design and construct an open-air worship hall in Cayey, Puerto Rico.[1] (Docket No. 17 at 5, ¶ 9; at 54, ¶ 3; Docket No. 12 at 3.)  On October 2, 2009, plaintiff filed a complaint in the instant case, which it later amended, alleging a cause of action against ASFI for breach of contract and causes of action against co-defendant Elam Baer, ASFI's sole board member and chairman, for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(b)-(c), and Puerto Rico's law forbidding tortious interference with a contract, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141 ("Article 1802").  (Docket No. 1; see Docket No. 12 at 2; Docket No. 17; Docket No. 18 at 2.)

Due to imprecise language in the complaint, ASFI submitted a motion to dismiss the RICO claims against it, to the extent such claims were asserted. (Docket No. 13.)  Plaintiff replied to the motion, conceding that it was not asserting a RICO claim against ASFI. (Docket No. 16.)

---

[1] The contract is not in evidence before the court.

Nevertheless, ambiguous language remained in the amended complaint which implicated "defendants" – rather than individual defendant Baer – in acts of fraud and money laundering in violation of RICO. (See, e.g., Docket No. 17 at 4, ¶ 5; at 8, ¶ 19; at 27, ¶ 27; at 46-47, ¶ 61; at 48, ¶ 63)  ASFI then submitted a reiterated motion to dismiss the RICO claims against it and to strike such language. (Docket No. 20.)  Plaintiff replied to that motion, arguing that the use of "defendants" is either a typo or refers to other persons that may be joined as defendants in the future based on their actions in concert with defendant Baer. (Docket No. 24.)  Plaintiff's original and reiterated motions are currently pending before the court. (Docket Nos. 13, 20.)

Because plaintiff has conceded that it is not asserting a RICO claim against ASFI, that claim, to the extent it is asserted, should be dismissed with prejudice.  To the extent the language in the amended complaint appears to implicate any RICO cause of action against ASFI, such language should be stricken.

WHEREFORE, the motions to dismiss the RICO claims against ASFI (Docket Nos. 13 and 20) should be GRANTED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Fed. R. Civ. P. 72(b); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7 (1st Cir. 1986).

In San Juan, Puerto Rico, this 10th day of August, 2010.

s/Marcos López  
U.S. MAGISTRATE JUDGE
