IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LA CARPA CORPORATION, | |
| Plaintiff, | |
| v. | CIVIL NO.: 09-2014 (DRD) |
| ELAM BAER, et al., | |
| Defendants. | |

### REPORT AND RECOMMENDATION

On September 8, 2007, plaintiff La Carpa Corporation ("La Carpa") contracted defendant American Spaceframe Fabricators LLC ("ASFI") to design and construct an open-air worship hall in Cayey, Puerto Rico. (Docket No. 17 at 5, ¶ 9; at 54, ¶ 3.) On October 2, 2009, plaintiff filed a complaint in the instant case, which it later amended, alleging that ASFI breached the contract because co-defendant Elam Baer, ASFI's sole board member and chairman, ordered that ASFI funds earmarked for contract performance be transferred to another corporation in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(b)-(c), and Puerto Rico's law forbidding tortious interference with a contract, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141. (Docket No. 1; see Docket No. 12 at 2; Docket No. 17; Docket No. 18 at 2.) Pending before the court is plaintiff's motion for entry of default against Baer along with Baer's opposition to the same. (Docket Nos. 25, 26.)

Plaintiff requests that the court enter default against Baer pursuant to Federal Rule of Civil Procedure 55, which provides for a court to enter default "[w]hen a party against whom a judgment

for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Baer has not answered the amended complaint. (Docket No. 25 at 2, 7; see Docket No. 17.) Nevertheless, Baer has "otherwise defended" as provided by the Rules, although the procedural intricacies of the case bear mention. On November 30, 2009, Baer filed a motion to dismiss the original complaint against him. (Docket No. 12.) On December 16, 2009, plaintiff opposed Baer's motion and, as a matter of right, filed an amended complaint. (Docket No. 17;) see Fed. R. Civ. P. 7(a)-(b), 15(a). Baer filed a reply on January 12, 2010, which responded to plaintiff's opposition and explicitly addressed the sufficiency of the allegations stated in the amended complaint. (Docket No. 21.) Thus, Baer's reply, although titled as a response to plaintiff's opposition to his original motion, effectively functions as a motion to dismiss the amended complaint. A motion to dismiss extends the period allowed to answer a complaint until 14 days after the court has ruled on the motion. Fed. R. Civ. P. 12(a)(4). Accordingly, Baer's answer to the amended complaint is not yet due.

WHEREFORE, it is recommended that plaintiff's motion for entry of default (Docket No. 25) be DENIED. See, e.g., Suárez Cestero v. Pagán Rosa, 167 F. Supp. 2d 173, 180 (D.P.R. 2001) (noting discretion afforded to district courts in entering default, the "general disfavor in which default judgments are held in the law," and the "discretion afforded to the Court to grant additional time for a party to plead or otherwise respond.").

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Fed. R. Civ. P. 72(b); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia,

792 F.2d 4, 6-7 (1st Cir. 1986).

    In San Juan, Puerto Rico, this 10th day of August, 2010.

                                               s/Marcos López
                                               U.S. MAGISTRATE JUDGE