IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LA CARPA CORPORATION,

       Plaintiff,

          v.                           CIVIL NO.: 09-2014 (DRD)

ELAM BAER, et al.,

       Defendants.

## REPORT AND RECOMMENDATION

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2007, plaintiff La Carpa Corporation ("La Carpa") contracted defendant American Spaceframe Fabricators LLC ("ASFI") to design and construct an open-air worship hall in Cayey, Puerto Rico.[1]  (Docket No. 17 at 5, ¶ 9; at 54, ¶ 3.)  On October 2, 2009, plaintiff filed a complaint in the instant case, which it later amended, alleging that ASFI breached the contract because co-defendant Elam Baer, ASFI's sole board member and chairman, ordered that ASFI funds earmarked for contract performance be transferred to another corporation in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(b)-(c), and Puerto Rico's law forbidding tortious interference with a contract, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141.  (Docket No. 1; see Docket No. 12 at 2; Docket No. 17; Docket No. 18 at 2.)  Pending before the court is Baer's motion to dismiss the complaint against him based on failure to state a claim and lack of personal jurisdiction, along with plaintiff's opposition

---

[1]The contract is not in evidence before the court.

to the same and Baer's reply.  (Docket Nos. 12, 16, 21).

## II.   THE MOTION TO DISMISS

### A. F.R.C.P. 12(b)(6) Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court generally limits its focus to the allegations of the complaint, though it "may consider, in addition to the complaint itself, a limited array of additional documents such as any that are attached to the complaint and 'documents sufficiently referred to in the complaint.'" Giragosian v. Bettencourt, -- F.3d --, 2010 WL 2951190, at *1 (1st Cir. 2010) (quoting Miss. Pub. Empl. Ret. Sys. v. Boston Sci. Corp., 523 F.3d 75, 86 (1st Cir. 2008)); see also Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978).  An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief," Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly 550 U.S. 544, 559 (2007)), providing the grounds upon which plaintiff's "claim rests claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555-56); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (holding that Twombly standard applies to "all civil actions.") Although all inferences must be made in plaintiff's favor, the court need not accept a complaint's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

2

**B. RICO**

"To state a RICO claim, plaintiffs must allege four elements: '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" Giuliano v. Fulton, 399 F.3d 381, 386 (1st Cir. 2005) (addressing claim under 18 U.S.C. § 1962(b)) (quoting Kenda Corp. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003); see also Soto Negrón v. Taber Partners I, 339 F.3d 35, 38 (citing 18 U.S.C. § 1962(c)). By statute, plaintiff must allege that during a ten year period defendant committed at least two acts of "racketeering activity" by violating one of various federal laws. Giuliano, 399 F.3d at 386; 18 U.S.C. §§ 1341, 1343, 1961(1) and (5)). "Although showing two predicate acts is the only statutory requirement, case law establishes that this is not sufficient to prove a 'pattern' – the plaintiff also must demonstrate that the 'predicates are related, and that they amount to or pose a threat of continued criminal activity.'" Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 15 (1st Cir. 2000) (quoting H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989); citing Feinstein v. Resolution Trust Corp., 942 F.2d 34, 44 (lst Cir. 1991)). A plaintiff must present evidence of "continuity," which "is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Efron, 223 F.3d at 15 (citing H.J. Inc., 492 U.S. at 241)). Under the closed-ended approach, a plaintiff must demonstrate a series of related predicate acts extending over a substantial period of time, amounting to a threat of continued criminal activity. Under the open-ended approach, plaintiff need not show a long-term pattern, but it must demonstrate a specific threat of repeated criminal activity extending indefinitely into the future or that racketeering activity is part of a defendant's regular way of doing business. Efron, 223 F.3d at 15-19.

Plaintiff's amended complaint claims, *inter alia*, that Baer engaged in acts of mail fraud, wire

fraud, and money laundering.[2] (Docket No. 17 at 3, ¶ 5; at 5, ¶ 10.) Specifically, the amended complaint alleges that on 93 occasions, plaintiff transferred or delivered money to ASFI via wire transfers between federally insured banking institutions or via the U.S. mail, that these payments were induced by "defendant['s]" or "defendants[']" misrepresentations that the funds would be used to purchase materials for La Carpa's project pursuant to the contract, and that the funds were instead transferred to the enterprise North Central Equities ("NCE"), another corporation controlled by Baer. (Docket No. 17 at 7-16.) Taking into account the amended complaint and two attached sworn statements signed by former ASFI CEO Craig Anderson, among the specifically alleged predicate acts of fraud or money laundering are an order from Baer to Anderson that funds earmarked for La Carpa's project be transferred elsewhere, in an email dated January 24, 2008; a letter from "defendants" to La Carpa misrepresenting the status of the project, dated April 28, 2008; and a threatened bankruptcy by "[Baer's] agent," ASFI CEO Bernie Coyle, on August 10, 2009. (Docket No. 17 at 4, ¶ 7; at 27, ¶ 27; at 45-46, ¶ 59.)

Even assuming that plaintiff has alleged that Baer committed a sufficient quantity of predicate acts to meet the statutory minimum, these alleged acts do not constitute a "pattern" of racketeering because they are too circumscribed to demonstrate the requisite "continuity." Viewing plaintiff's allegations under the closed-ended approach, the alleged predicate acts were undertaken

---

[2] Plaintiff also appears to allege a violation of the Bankruptcy Act constituting racketeering: "On August 10th, 2009, Elam Baer by and through his agent Bernie Coyle, [CEO of ASFI], threatened [p]laintiff with the filing of bankruptcy for ASFI if [p]laintiff would not pay an additional $2,000,000.00 when in fact . . . Baer had in fact transferred . . . . [funds received from La Carpa] to enterprises controlled by Elam Baer which violate the very essence of the bankruptcy law . . . ." (Docket No. 17 at 45-46, ¶ 59.) However, RICO requires that plaintiff show a causal nexus between the racketeering activity and plaintiff's injury, and plaintiff does not allege that it was injured in any way by this threat of bankruptcy. See Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 17 (1st Cir. 2000) (citing Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 266-68 & n.12 (1992)). Accordingly, to the extent that plaintiff alleges racketeering based on a threat that ASFI would declare bankruptcy, that claim should be DISMISSED.

4

throughout a 23-month period, from September 2007 to August 2009.  Although this time frame exceeds the minimum requirement for closed continuity of more than "a few weeks or months," H.J. Inc., 492 U.S. at 242, "it is not so long a period, nor are there so many predicate acts that other indicators of continuity – or lack of them – are without significance." Efron, 223 F.3d at 17.  Where, as here, the alleged racketeering is "neither so extensive in reach nor so far beyond the minimum time period that common sense compels a conclusion of continuity, the fact that a defendant has been involved in only one scheme with a singular objective and a closed group of targeted victims [is also] highly relevant." Id. at 18.  Plaintiff alleges that Baer directed a single narrow scheme to defraud a single victim, La Carpa, by misrepresenting ASFI's performance on a single construction contract.  These allegations do not state a RICO claim based on a closed-ended series of predicate acts. See Efron, 223 F.3d 12 (dismissing RICO claim where alleged acts comprised "a single effort over [21-month period] to wrest control of a particular partnership from a limited number of its partners") (citing Apparel Art Int'l., Inc. v. Jacobson, 967 F.2d 720, 723 (1st Cir. 1992) ("[A] single criminal episode, or event, is not a 'pattern' . . . [because] its parts, taken together, do not amount to or pose a threat of continued criminal activity."); Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1265 (D.C. Cir. 1995) (combination of "single scheme, single injury, and few victims . . . makes it virtually impossible for plaintiffs to state a RICO claim"); Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1545 (10th Cir. 1993) ("Where the scheme has a limited purpose, most courts have found no continuity."); Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1516 (10th Cir. 1990) (affirming dismissal of RICO claim where a "closed-ended series of predicate acts ... constituted a single scheme to accomplish one discrete goal, directed at one individual with no potential to extend to other persons or entities"); Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989)

5

("Defendants' actions were narrowly directed towards a single fraudulent goal.")).

Under the open-ended approach, plaintiff has not alleged any specific threat of repetition extending indefinitely into the future.  Moreover, although the complaint's allegations, if proven to be true, show that ASFI breached its contract with La Carpa, they do not plausibly demonstrate that Baer would seek to repeat the alleged fraud or money laundering schemes in this or other business settings, such that racketeering activity is his regular way of conducting business.  See Efron, 223 F.3d at 19 (citing H.J. Inc., 492 U.S. at 243; Roeder v. Alpha Indus., Inc., 814 F.2d 22, 31 (1st Cir. 1987) ("no suggestion that defendants used similar means to obtain other subcontracts, or that they bribed anyone else")).  Therefore, plaintiff has failed to sufficiently plead that Baer participated in a pattern of racketeering incurring liability under RICO.[3]

## C. Intentional Interference with Contract

To state a claim for interference with a contractual relationship pursuant to Puerto Rico tort law, plaintiff must allege facts to establish four elements: "(a) the existence of a contract; (b) that

---

[3] Baer also argues that plaintiff has failed to show a causal nexus between the alleged racketeering activity and injury, as required to state a RICO claim. See Efron, 223 F.3d at 17 (citing Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 266-68 & n.12 (1992)).  In support of this argument, Baer has provided the court with records of the wire transfers between ASFI and NCE during the relevant time period, between September 2007 and August 2009. (Docket No. 12-2.)  Plaintiff counters with "ASFI internal financial records produced by [ASFI CEO] Bernie Coyle," evidencing, among other things, ASFI's assets and liabilities for the relevant time period. (Docket No. 18 at 8; see Docket No. 16 at 3.)  Because plaintiff repeatedly makes reference to monetary transfers between ASFI and NCE in the complaint, such transfers are crucial to plaintiff's RICO cause of action, and neither party disputes the authenticity or completeness of the proffered documents, the court may properly consider the records in the context of the instant motion to dismiss. See Beddal v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss").  The wire transfer records proffered by Baer illustrate that during the time period in which plaintiff alleges that money was being wrongfully diverted from ASFI to NCE, NCE actually transferred $3,970,000 more to ASFI than ASFI transferred to NCE. (Docket No. 12-2.)  The internal ASFI financial document proffered by plaintiff is not to the contrary: it shows that from September 2007 to June 2009, ASFI's liabilities to NCE increased by approximately $4,000,000. (Docket No. 18 at 8.)  Thus, NCE, a corporation allegedly controlled by Baer, actually subsidized ASFI during the relevant time period, making it implausible to infer that ASFI failed to perform on its contract with La Carpa because its money was being wrongfully funneled into NCE coffers at Baer's direction.

the defendant had prior knowledge of the contract; (c) that the plaintiff suffered damages; and (d) that a causal relationship exists between defendants' actions interfering with the contract and the damages suffered by plaintiff." <u>MVM Inc. v. Rodríguez</u>, 568 F. Supp. 2d 158, 171 (D.P.R. 2008) (<u>citing Jusino Figueroa v. Walgreens of San Patricio, Inc.</u>, 155 P.R. Dec. 560, 575-76 (2001); <u>Dolphin Int"l of P.R. v. Ryder Truck Lines</u>, 127 D.P.R. 869, 879 (1991); <u>A.M. Capen's Co. Inc. v. Blas Rossy</u>, 12 F. Supp. 2d 222, 231 (D.P.R. 1998)).  Defendant argues that because the complaint only alleges actions taken by Baer in his official capacity as the sole and controlling board member of ASFI, his actions in that capacity can only be attributed to ASFI, and therefore he cannot be held personally liable for interference with ASFI's contract with La Carpa.  (<u>See</u> Docket No. 17 at 54, ¶ 5.)

"When a corporate officer acts in his official capacity, his acts, in law, are acts of the corporation." <u>Griffin v. Schneider</u>, 995 F.2d 1061, at *1 (1st Cir. 1993) (unpublished) (<u>citing DeBrecini v. Graf Bros. Leasing, Inc.</u>, 828 F.2d 877, 879 (1st Cir. 1987), <u>cert. denied</u>, 484 U.S. 1064 (1988)). "Hence, the weight of authority is to the effect that a corporate officer can 'interfere' with a corporation's contracts, in a legally relevant sense, only by conduct undertaken outside, or beyond the scope of, his official capacity." <u>Griffin</u>, 995 F.2d 1061 (citations omitted).  Here, the thrust of plaintiff's claim is that Baer, by virtue of his controlling position in ASFI, caused ASFI to breach its contract with La Carpa.  Although the complaint does suggest that Baer's actions as ASFI's sole board member benefitted another corporation that Baer also controlled, such actions remain attributable to the corporate entity of ASFI and not to Baer himself.  Plaintiff has not argued otherwise.  Accordingly, because all of Baer's alleged actions were undertaken in his official capacity at ASFI, a party to the contract at issue, he cannot have interfered with the contract as a third

party, and plaintiff's claim against Baer for tortious interference with the contract should be DISMISSED.

## III.   CONCLUSION

For the reasons stated above, it is recommended that Elam Baer's motion to dismiss the amended complaint's allegations against him based on failure to state a claim (Docket No. 12) be GRANTED.[4]

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Fed. R. Civ. P. 72(b); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7 (1st Cir. 1986).

In San Juan, Puerto Rico, this 11th day of August, 2010.

s/Marcos López
U.S. MAGISTRATE JUDGE

---

[4] Because it is recommended that all claims against Baer be dismissed based on failure to state a claim, the court need not address the matter of personal jurisdiction over him.

8