UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LA CARPA CORPORATION,

                Plaintiff(s),                        Civil No. 09-2014 (DRD)

ELAM BAER, et al.,

                Defendant(s).

**ORDER ADOPTING MAGISTRATE JUDGE REPORT AND RECOMMENDATION,
DOCKET NO. 31**

Pending before the Court are: (a) *Elam Baer's Motion to Dismiss Complaint for Failure to State Claim and for Lack of Personal Jurisdiction*, Docket No. 12; and (b) *Reply to Plaintiff's Opposition to Mr. Elam Baer's Motion to Dismiss (Docket No. 12)*, Docket No. 21.

**Factual and Procedural Background**

On September 8, 2007, plaintiff La Carpa and American Spaceframe Fabricators LLC ("ASFI") entered into a contractual relationship to design and construct an open-air worship hall in Cayey, Puerto Rico. *Report and Recommendation*, Docket No. 31, page 1. The relationship turned sour, and this action ensued on October 2, 2009. Plaintiff alleges that ASFI breached the contract "because co-defendant Elam Baer, ASFI's sole board member and chairman, ordered that ASFI funds earmarked for contract performance be transferred to another corporation in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b)-(c), and Puerto Rico's law forbidding tortious interference with a contract, Article 1802 of the Puerto Rico Civil Code," 31 L.P.R.A. § 5141. *Report and Recommendation*, Docket No. 31, page 1.

At the outset, the Court notes that Elam Baer's motion to dismiss was filed on November 30, 2009. Plaintiff moved the Court for an extension of time until December 18, 2009 to file a response

to defendants' motion to dismiss, Docket No. 14.  The Court granted plaintiff's extension of time request, *see Order*, Docket No. 15.  Plaintiff instead filed an amended complaint on December 16, 2009, Docket No. 17.  Eventually, on January 12, 2010, plaintiff filed a response to Elam Baer's motion to dismiss, Docket No. 21, that is, forty-three days after Elam Baer's motion to dismiss had been filed.

   These motions, Docket entries No. 12 and 21, were referred to the United States Magistrate Judge López ("Magistrate Judge") for report and recommendation (Docket entries No. 27 and 28).

   On August 11, 2010, the Magistrate Judge entered a *Report and Recommendation*, Docket No. 31, recommending that "Elam Baer's motion to dismiss the amended complaint's allegations against him based on failure to state a claim (Docket No. 12) be granted."  *Report and Recommendation*, Docket No. 31, page 8.  The Magistrate Judge also recommended in a footnote that "[b]ecause it is recommended that all claims against Baer be dismissed based on failure to state a claim, the court need not address the matter of personal jurisdiction over him."  *Id.* n.4.

   The record shows that plaintiff filed a timely objection, Docket No. 33, to the Magistrate Judge's *Report and Recommendation*, Docket No. 31.  Plaintiff's objection, however, is limited to the finding of "continuity" made by the Magistrate Judge, as one of the factors to establish a RICO claim.

   The Court further notes, that defendant Elam Baer ("Baer") filed an *Opposition to La Carpa's Objections (Dkt. 33) to Report and Recommendation (Dkt. 31) on Motion to Dismiss Amended Complaint (Dkts. 12, 21)*, Docket No. 34.  Mr. Baer's opposition, however, will not be considered as the same was filed without leave of Court, as provided by Local Rule 7(c).  An objection to a report and a recommendation is not consider a motion, as it is considered an appeal

from the report and recommendation objected to.  *See United States v. Pérez-Velázquez*, 488 F.Supp.2d 82, 86 (D.P.R.2007).  In *Pérez-Velázquez*, the Court held that since the motion was filed "without leave of Court, [it] shall not be considered by the Court in its review."  488 F.Supp.2d at 86.  "**Local Rules** are designed to be followed not to be disregarded causing unequal treatment amongst litigants, and further punishing the diligent and rewarding the non-complying parties." *Id.* (Emphasis on the original).  *See also United States v. Díaz-Villafañe*, 874 F.2d 43, 45-46 (1ˢᵗ Cir. 1989); *Braxton v. Bi-State Development Agency, et al.*, 728 F.2d 1105, 1107 (1ˢᵗ Cir. 1984); and Local Rule 1(f): "The  Court may suspend or modify the requirement or provisions of any of these Rules in a particular case by written order." *See Order of Referral*, Docket No. 27.  Hence, the Court finds that Local Rule 7(b) is inapplicable to a reply or "opposition" to the objections to a report and recommendation.  Notwithstanding, even if the Court decides to consider Baer's opposition, the same will not change the final ruling of the Court.

## Standard of Review

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation.  28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); Local Civil Rule 72(a) of the Local Rules of the United States District Court for the District of Puerto Rico ("L.Civ.R.").

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F. 2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985).  Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court, and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F. 2d

3

22, 30-31 (1st Cir. 1992).  *See also Sands v. Ridefilm Corp.*, 212 F.3d 657, 663 (1st Cir. 2000); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings);  *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate [judge]'s report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See also United States v. Valencia*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).  Hence, the standard for review of an objected report and recommendation is *de novo* review of those matters properly objected.  *See Borden v. Secretary of H.H.S.*, 836 F.2d at 6.

In the event that no objections are timely filed to the Magistrate Judge's *Report and Recommendation*, then the Court in order to accept the unopposed *Report and  Recommendation*, needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record.  *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected  legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate [Judge]'s recommendation was clearly erroneous")(adopting the Advisory Committee note regarding

4

Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the *Report and Recommendation*, Docket No. 31 was timely objected, *see* plaintiff's *Objection To Magistrate Order*, Docket No. 33.  Hence, the Court will review *de novo* only the finding of "continuity" of the *Report and* Recommendation, and the unobjected parts of said report will be reviewed under the "plain error" doctrine.

After a careful analysis, the Court finds no "plain error" in the *Report and Recommendation*'s unobjected findings, and agrees with the Magistrate Judge's conclusions and recommendations, as supplemented herein.

**The motion to dismiss standard under Fed.R.Civ.R. 12(b)(6)**.

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provides that a complaint will be dismissed for "failure to state a claim upon which relief can be granted."   "So, when the allegations in a complaint, however true, fall short of a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (Citations omitted).  *Bell Atlantic Corporation, et al. v. Twombly, et al.*, 550 U.S. 544  (May 21, 2007).  In *Twombly*, 550 U.S. at 555 and 570, the Court held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... (citations omitted) ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  **Factual allegations must be enough to raise a right to relief above the speculative level**, *see* 5 C. Wright & Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004).

. . .

> Here, in contrast, we do not require heightened fact pleading of specifics, **but only enough facts to state a claim to relief that is plausible on its face**. Because the plaintiffs here have not nudged their claims across the line from **conceivable to plausible**, their complaint must be dismissed. (Emphasis ours).

*See also Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200; 167 L.Ed.2d 1081 (2007) ("Specific facts are not necessary; the **statements need only 'give the defendants fair notice of what the . . . claim is and the grounds upon which it rests**'") (quoting *Twombly*, 127 S.Ct. at 1964) (emphasis ours); *Thomas v. Rhode Island*, 542 F.3d 944, 948 n. 4 (1st Cir. 2008) (September 24, 2008) ( the motion to dismiss standard followed in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) "no longer governs in light of *Twombly*" (quoting *Twombly*, 127 S.Ct. at 1964); *Rodríguez Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95-96 (1st Cir. 2007) (citing *Twombly*); and *Torres v. Bella Vista Hospital, Inc.*, 523 F.Supp.2d 123, 133 (D.P.R. 2007) (quoting *Twombly*, 127 S.Ct. at 1974).

Thus, the new standard under *Twombly* is that a claim for relief must contain allegations that "are plausible on its face." *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937; *Martinó v. Forward Air, Inc.*, 609 F.3d 1, 2 (1st Cir. 2010); *SEC v. Tambone, et al.*, 597 F.3d 436, 442 (1st Cir. 2010). In *SEC v. Tambone*, the Court held:

> In other words, the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* [*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)]. It the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal. *Twombly*, 550 U.S. at 555.

*See also Méndez Internet Management Services, Inc. v. Banco Santander de Puerto Rico, et al.*,

___ F.3d ___, 2010 WL 3718858, *1 (1ˢᵗ Cir. (P.R.), September 22, 2010) (". . . recent Supreme Court decisions require in a complaint 'more than labels and conclusions' and stress that 'a formulaic recital if the elements of a cause of action will not do'") (citing *Twombly*, 550 U.S. at 555, and *Iqbal*, ___ U.S.___, 129 S.Ct. at 1953); *Boroian v. Mueller*, ___ F.3d ___, 2010 WL 3168654 1ˢᵗ Cir. (Mass.), August 12, 2010).

A district court's dismissal of a claim under Fed.R.Civ.P. 12(b)(6) is reviewed *de novo* by the Court of Appeals. *Thomas v. Rhode Island*, 542 F.3d at 948.  "In doing so, we must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas*, 542 F.3d at 948, citing *Clark v. Boscher*, 514 F.3d 107, 112 (1ˢᵗ Cir. 2000).

A district court's dismissal of a claim under Fed.R.Civ.P. 12(b)(6) is reviewed *de novo* by the Court of Appeals. *Thomas v. Rhode Island*, 542 F.3d at 948.  "In doing so, we must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas*, 542 F.3d at 948, citing *Clark v. Boscher*, 514 F.3d 107, 112 (1ˢᵗ Cir. 2000).

**Analysis**

As stated above, and in absence of "plain error," the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference, the Magistrate Judge's *Report and Recommendation*, Docket No. 31, to the instant Order.  The Court agrees *in toto* with the Magistrate Judge's conclusion that "Elam Baer's motion to dismiss the amended complaint's allegations against him based on failure to state a claim (Docket No. 12) be granted." *Report and Recommendation*, Docket No. 31 page 8. Particularly, those relating to the dismissal of the intentional interference with a contract under local law, specifically based on *Dolphin International of Puerto Rico, Inc. v. Ryder Truck Lines, Inc., et al.*, 1991 WL 735928 (P.R.), P.R. Offic. Trans.; *General Office Products, Corp. v. A.M. Capen's*

7

*Son, Inc.*, 15 P.R. Offic. Trans. 727 (1984) ("In the first place, there must be a contract **with which a third person interferes**") (115 D.P.R. 553, 558-559) (emphasis ours); *A.M. Capen's Co., Inc. v. American Trading and Productions Corporation*, 12 F.Supp.2d 222 (D.P.R.1998). The Court is of the opinion that the conduct of co-defendant Elam Baer was in his capacity as corporate officer, and not in his personal capacity. Hence, said conduct cannot constitute an interference by a third party, *Griffin v. Schenider*, 995 F.2d 1061 at *1 (1ˢᵗ Cir. 1993) (unpublished). Therefore, the intentional interference with a contract cause of action simply does not comply with the elements required by law. The Court finds no plain error in the analysis of the Magistrate Judge. The Court agrees and adopts the non-affected parts of the *Report and Recommendation* and the recommendation of the Magistrate Judge.

Plaintiff, however, objects the Magistrate Judge's finding as to the "continuity" of the criminal activity. The Magistrate Judge found that:

> To state a RICO claim, plaintiffs must allege four elements: '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" *Giuliano v. Fulton*, 399 F.3d 381, 386 (1st Cir. 2005) (addressing claim under 18 U.S.C. § 1962(b)) (quoting *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 233 (1st Cir. 2003); *see also Soto Negrón v. Taber Partners I*, 339 F.3d 35, 38 (citing 18 U.S.C. § 1962(c)). By statute, plaintiff must allege that during a ten year period defendant committed at least two acts of "racketeering activity" by violating one of various federal laws. *Giuliano*, 399 F.3d at 386; 18 U.S.C. §§ 1341, 1343, 1961(1) and (5)). "Although showing two predicate acts is the only statutory requirement, case law establishes that this is not sufficient to prove a 'pattern' – the plaintiff also must demonstrate that the 'predicates are related, and that they amount to or pose a threat of continued criminal activity.'" *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 15 (1st Cir. 2000) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989); citing *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 44 (lst Cir. 1991)). A plaintiff must present evidence of "continuity," which "is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."

8

*Efron*, 223 F.3d at 15 (citing *H.J. Inc.*, 492 U.S. at 241)). Under the closed-ended approach, a plaintiff must demonstrate a series of related predicate acts extending over a substantial period of time, amounting to a threat of continued criminal activity. Under the open-ended approach, plaintiff need not show a long-term pattern, but it must demonstrate a specific threat of repeated criminal activity extending indefinitely into the future or that racketeering activity is part of a defendant's regular way of doing business. *Efron*, 223 F.3d at 15-19.

*Report and Recommendation*, Docket No. 31, page 3.

The Court agrees with the Magistrate Judge's analysis, which we incorporate herein:

Plaintiff's amended complaint claims, inter alia, that Baer engaged in acts of mail fraud, wire fraud, and money laundering. [Fn. 2., *Report and Recommendation*, Docket No. 31, page 4], (Docket No. 17 at 2 3, ¶ 5; at 5, ¶ 10.) Specifically, the amended complaint alleges that on 93 occasions, plaintiff transferred or delivered money to ASFI via wire transfers between federally insured banking institutions or via the U.S. mail, that these payments were induced by "defendant['s]" or "defendants[']" misrepresentations that the funds would be used to purchase materials for La Carpa's project pursuant to the contract, and that the funds were instead transferred to the enterprise North Central Equities ("NCE"), another corporation controlled by Baer. (Docket No. 17 at 7-16.) Taking into account the amended complaint and two attached sworn statements signed by former ASFI CEO Craig Anderson, among the specifically alleged predicate acts of fraud or money laundering are an order from Baer to Anderson that funds earmarked for La Carpa's project be transferred elsewhere, in an email dated January 24, 2008; a letter from "defendants" to La Carpa misrepresenting the status of the project, dated April 28, 2008; and a threatened bankruptcy by "[Baer's] agent," ASFI CEO Bernie Coyle, on August 10, 2009. (Docket No. 17 at 4, ¶ 7; at 27, ¶ 27; at 45-46, ¶ 59.)

Even assuming that plaintiff has alleged that Baer committed a sufficient quantity of predicate acts to meet the statutory minimum, these alleged acts do not constitute a "pattern" of racketeering because they are too circumscribed to demonstrate the requisite "continuity." Viewing plaintiff's allegations under the closed-ended approach, the alleged predicate acts were undertaken throughout a 23-month period, from September 2007 to August 2009. Although this time frame exceeds the minimum requirement for closed continuity of more than "a few weeks or months," *H.J. Inc.*, 492 U.S. at 242, "it is not so long a period, nor are there so many predicate acts that other indicators of continuity – or lack of them – are without

significance." *Efron*, 223 F.3d at 17. Where, as here, the alleged racketeering is "neither so extensive in reach nor so far beyond the minimum time period that common sense compels a conclusion of continuity, the fact that a defendant has been involved in only one scheme with a singular objective and a closed group of targeted victims [is also] highly relevant." Id. at 18. Plaintiff alleges that Baer directed a single narrow scheme to defraud a single victim, La Carpa, by misrepresenting ASFI's performance on a single construction contract.  These allegations do not state a RICO claim based on a closed-ended series of predicate acts. *See Efron*, 223 F.3d 12 (dismissing RICO claim where alleged acts comprised "a single effort over [21- month period] to wrest control of a particular partnership from a limited number of its partners") (citing *Apparel Art Int'l., Inc. v. Jacobson*, 967 F.2d 720, 723 (1st Cir. 1992) ("[A] single criminal episode, or event, is not a 'pattern' . . . [because] its parts, taken together, do not amount to or pose a threat of continued criminal activity."); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995) (combination of "single scheme, single injury, and few victims . . . makes it virtually impossible for plaintiffs to state a RICO claim"); *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1545 (10th Cir. 1993) ("Where the scheme has a limited purpose, most courts have found no continuity."); *Sil-Flo, Inc. v. SFHC, Inc*., 917 F.2d 1507, 1516 (10th Cir. 1990) (affirming dismissal of RICO claim where a "closed-ended series of predicate acts ... constituted a single scheme to accomplish one discrete goal, directed at one individual with no potential to extend to other persons or entities"); *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989) ("Defendants' actions were narrowly directed towards a single fraudulent goal.")).

Under the open-ended approach, plaintiff has not alleged any specific threat of repetition extending indefinitely into the future. Moreover, although the complaint's allegations, if proven to be true, show that ASFI breached its contract with La Carpa, they do not plausibly demonstrate that Baer would seek to repeat the alleged fraud or money laundering schemes in this or other business settings, such that racketeering activity is his regular way of conducting business. *See Efron*, 223 F.3d at 19 (citing *H.J. Inc*., 492 U.S. at 243; *Roeder v. Alpha Indus., Inc*., 814 F.2d 22, 31 (1st Cir. 1987) ("no suggestion that defendants used similar means to obtain other subcontracts, or that they bribed anyone else")). Therefore, plaintiff has failed to sufficiently plead that Baer participated in a pattern of racketeering incurring liability under RICO. [Fn.3., *see Report and Recommendation*, Docket No. 31, page 6].

Plaintiff alleges:

The Magistrate Court reasons that there must be continuity as defined by *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12 (C.A.1 (Puerto Rico), 2000). The Magistrate Court ignores that ¶ 4 of the complaint establishes the continuity. [Fn.4., *see* Docket No. 33, page 2]. Ignoring the fundamental principles of the a [sic] court is to "accept as true" all well pleaded factual averments and indulge[e] [sic] all reasonable inferences in plaintiff's favor, Id at pg 2-8. *See Doyle v. Hasbro, Inc.*, 103 F.3d 186. In order to survive the motion to dismiss the complaint must allege "a plausible entitlement for relief," see *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 Fed [sic] 92 (1st Cir. 2007).

Plaintiff's objection, Docket No. 33, page 2.

Plaintiff further alleges that the continuity of the pattern of the racketeering activity is well pled in the complaint, *see* Docket No. 33, pages 2-3. The Court disagrees, and briefly explains.

In *Efron*, 223 F.3d at 15-16, the Court held:

> We have more than once remarked upon the difficulty of articulating concrete guidelines for this "continuity plus relationship" standard for identifying a pattern. *See Schultz v. Rhode Island Hosp. Trust Nat'l Bank, N.A.*, 94 F.3d 721, 731 (1st Cir. 1996); *Apparel Art Int'l, Inc. v. Jacobson*, 967 F.2d 720, 722 (1st Cir. 1992); *see also H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 236 (1989) ("Developing a meaningful concept of 'pattern' within the existing statutory framework has proved to be no easy task.").
>
> . . .
>
> The continuity element, which lacks statutory illumination, has proved more puzzling. Noting that it is "difficult to formulate in the abstract any general test for continuity," the Supreme Court in *H.J. Inc.*, nonetheless provided a starting point for analysis. ...
>
> . . .
>
> The Supreme Court thus described continuity, as "both a closed-and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241. The Justices also explained in *H.J. Inc.* That showing a "pattern" does not

necessarily require proof of multiple criminal "schemes."  Finding that the "multiple-scheme" prerequisite "brings a rigidity to the available methods of proving a pattern that simply is not present in the idea of 'continuity' itself, *id.* At 240-21, the Court emphasized instead the temporal focus of the "continuity" requirement.  Thus, one scheme that extends over a substantial period of time, or that shows signs of extending indefinitely into the future, can establish a pattern.

The Court agrees with the Magistrate Judge that the facts, as pled in the amended complaint, failed to establish a "pattern" of racketeering "because they are too circumscribed to demonstrate the requisite "continuity."  *Report and Recommendation*, Docket No. 31, page 4.  Hence, "plaintiff has failed to sufficiently plead that Baer participated in a pattern of racketeering incurring liability under RICO."  *Id.* at page 6.  "Showing a 'pattern' does not necessarily require proof of multiple criminal 'schemes.'" *Efron*, 223 F.3d at 16.

## Conclusion

For the reasons stated above, the Court finds that there is **no plain error** in the Magistrate Judge's *Report and Recommendation*, Docket No. 31, as to the intentional interference with contract, as there was no intentional interference "by a third party."  The Court finds no error on *de novo* review, as to the "continuity" within the "pattern" elements relating to the RICO claim.  Hence, the *Report and Recommendation is* hereby adopted *in toto*.   Plaintiff's objection, Docket No. 33, is denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2010.

> s/Daniel R. Domínguez
> DANIEL R. DOMINGUEZ
> U.S. District Judge

12