**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LA CARPA CORPORATION, | |
| Plaintiff, | |
| v. | CIVIL NO. 09-2014 (DRD) |
| ELAM BAER and AMERICAN SPACEFRAME FABRICATORS, LLC, | |
| Defendants. | |

**AMENDED JOINT INITIAL SCHEDULING MEMORANDUM**

TO THE HONORABLE COURT:

COME NOW the parties, Plaintiff La Carpa Corporation ("Plaintiff" or "La Carpa") and Defendant American Spaceframe Fabricators, LLC ("Defendant or "ASFI") through their respective attorneys, and pursuant to the *Order Setting Initial Scheduling and Case Management Conference* issued by this Honorable Court on October 7, 2010, Docket No. 37, in the above-captioned case, very respectfully submit the present Joint Initial Scheduling Memorandum:

**I.**

**FACTUAL AND LEGAL CONTENTIONS**

**A.      Plaintiff's Factual and Legal Contentions**

1.      Plaintiff La Carpa, Corp. is a nonprofit organization organized and existing pursuant to the laws of the Commonwealth of Puerto Rico, registered in the Department of State of Puerto Rico since 1978 under Register Number 10312, with its principal offices in Cayey, Puerto Rico.

2.      Defendant American Spaceframe Fabricators LLC, herein after "ASFI" is for profit Limited Liability Corporation registered in Minnesota with offices in Ocala, Florida, U.S.

3.      Enterprise North Central Equity is an enterprise domiciled in Minnesota, established in 2004 and is the enterprise which has gained monies, profits in violation of the agreements and expectations of plaintiff. Defendant North Central Equity, is the managing partner and controlling agent of the enterprise, who at the time of the contract amendment knew and had reason to know that he had ordered the transfers of plaintiff monies to enterprises controlled by him and the enterprise known as North Central Equity where they acquired interest in a number of enterprises involved -inter alia- in telecommunication business. Plaintiff seeks equitable remedies including constructive trust over the assets of the enterprises which defendant North Central Equity and the enterprise North Central Equity have acquired assets.

4.      John Does A-Z are persons, parties, entities, which may have assisted, corroborated, aided and abetted with North Central Equity to perpetrate the predicates acts of fraud alleged in the complaint, and insurance companies which may have insured against such conduct. Based on the opinion and order of the Magistrate Court adopted by the District Court *in toto* it's anticipated that a Motion to Amend Complaint by interlineation will be filed by plaintiff to include North Central Equity the entity superior and the parent and controlling company to defendant ASFI, North Central Equity.

5.    On or about January 24th 2008 at approximately 2:32 PM defendant North Central Equity directed then CEO Craig J. Anderson to continue the transfer of monies paid by plaintiff to defendant ASFI to acquire interest in other enterprises controlled by North Central Equity.

6.    As evidence by the exhibit attached to the complaint, former CEO Craig J. Anderson did transfer the funds belong to plaintiff to the enterprise North Central Equities for the purpose of obtaining control over other enterprises at the expense of defrauding plaintiff of their funds, and honest services over the purpose of the funds.

7.    On September 8th, 2007 La Carpa and ASFI signed a mutual covenant in two separate agreements, in which ASFI was represented by Craig J. Anderson, CEO and on behalf of La Carpa signed Jose Benjamin Perez Matos, Secretary; Humberto Perez Ortiz, Treasurer and Julio Cruz Lopez, President. By separate declaration under penalty of perjury, Craig J. Anderson swears that North Central Equity diverted plaintiff's funds to an enterprise controlled by North Central Equity for the acquiring assets in various entities/enterprises controlled by him. Craig J. Anderson swears to a repetitive pattern of transferring cash to the other enterprises controlled by North Central Equity, as the result of the failure to comply with certain obligations of codefendant ASFI.

8.    The exact pattern of "predicate acts" of fraudulent practices as fully pled in the statement of pattern of frauds have culminated in injury to plaintiff, theft of private funds that were in fact funded for the specific purpose to purchase the subject property; and deriving ill-gotten gains, income, revenue and profits to the

enterprise(s) at the expense and injury of the victims- the Plaintiffs. Upon knowledge and belief, the ill-gotten gains, income, revenue and profits to the enterprise at the expense and injury of the victims -Plaintiffs constitute profits obtained from the pattern of racketeering practices and have been invested by the enterprise(s) in other projects throughout the United States in order so as to prevent Plaintiff to gain access to plaintiff assets and monies.

9.    Of significance importance is that by March 31, 2008 Plaintiff had in fact wired and paid in interstate commerce and through the use of wire transfers, and mail paid defendant ASFI the sum of $3,230,167.20. Records obtained through investigation of the pattern of fraud and corrupt practices show that an internal financial report produced by defendant shows that not a single dollar had been used to acquire inventory as promised by ASFI to Plaintiff. The declaration of Craig J. Anderson bears truth to the fact that monies were diverted by North Central Equity to the enterprise North Central Equity.

## APPLICABLE LAW

**Plaintiff's Case**

1.    Court has jurisdiction under Diversity of Jurisdiction, parties are diverse in the commonwealth of Puerto Rico, the State of Florida, and the State of Minnesota

2.    Venue lies in this district, as the facts and occurrences took place in the District of Puerto Rico; in the Municipality of Cayey, a political subdivision of the Commonwealth of Puerto Rico. All the acts, events and pattern of racketeering occurred in the Commonwealth of Puerto Rico.

3.      The exact pattern of fraudulent activities as particularly pled in the Statement of

frauds act.

**B.      Defendant's Factual and Legal Contentions**

As this Court is aware, the original and amended complaints in this case included

claims under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act, 18

U.S.C. §§ 1961-1968 (2009), and art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws

Ann. § 5141, against Mr. Elam Baer, President and CEO of North Central Equity.

Because these causes of action were dismissed by the Court, see Docket No. 36 (order

granting Mr. Baer's motion to dismiss), the only remaining cause of action is the breach

of contract claim asserted by La Carpa against ASFI.[1] This claim arises out of two

separate yet related contracts between La Carpa and ASFI regarding the design, purchase

of materials and fabrication of the steel parts for an open-air worship hall in Cayey,

Puerto Rico to be constructed by others: (i) the materials contract; and (ii) the fabrication

contract. The validity of this agreement or agreements, however, is challenged by ASFI.

The materials contract was for a fixed price. ASFI, however, spent more on

materials than the fixed contract price for the materials. This overexpenditure was due to

several factors, none of which are attributable to ASFI, such as: (i) changes in the scope

of the contract and the underlying design requested by La Carpa after the two contracts

were executed (said changes were not within the scope of the executed written contracts);

(ii) unforeseeable changes in materials prices in the world market, particularly the price

of specialty steel materials; (iii) force majeure; and (iv) the bad faith actions taken by La

---

[1] In that regard, Defendant objects to the inclusion in Plaintiffs' Factual and Legal Contentions
(section I.A, above) entirely impertinent, baseless, and legally irrelevant statements relating to
allegations of fraud that were already dismissed by this Court.

Carpa, in conjunction with Mr. Craig Anderson, ex Chief Executive Officer of ASFI, who acted in violation of his fiduciary duties, and duties of confidentiality, loyalty and care towards ASFI.

The excess spent on materials is an amount that La Carpa still owes ASFI, as the parties had contemplated that the materials contract price would completely cover the cost of the materials. Given that ASFI spent more than the parties originally contemplated for the materials, it is entitled to a payment from La Carpa for the excess, or at least to have such amount offset (compensated) from any damage award to La Carpa.

La Carpa knew that the project had been severely underbid by Craig Anderson, former Chief Executive Officer of ASFI and that the scope of the project changed after the contracts were signed without any change made to the written contract by Craig Anderson or La Carpa.  On information and belief the other bids received by La Carpa were substantially higher than the bid price by ASFI.

In this sense, the two contracts were the subject of an extinctive novation, which liberated ASFI from its alleged obligations. "In order that an obligation may be extinguished by another which substitutes it, it is necessary that it should be so expressly declared, or that the old and new be incompatible in all points." Art. 1158 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3242. The expanded scope of the project was totally incompatible with the initial agreement between the parties. Consequently, ASFI's obligations under the contract were extinguished.

Additionally, La Carpa breached the contracts with ASFI by failing to make timely payments. ASFI's ability to purchase materials at expected prices was impaired by the delay – steel prices rose at unprecedented rates during that time period, resulting in

massive increases in anticipated material costs. It is well-settled law that "[o]bligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs." Art. 1042 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 2992. "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." Art. 1044 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 2994. In the present case, La Carpa has participated in material and substantial breaches to the agreements between the parties, so they must compensate ASFI for all damages that such breaches have caused. Article 1054 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3018.

Craig Anderson, former Chief Executive Officer of ASFI, had an agreement to provide services to ASFI until the fixed date of June 30, 2008. As will be further explained below, La Carpa tortiously interfered with ASFI's consulting contract with Craig Anderson. The Puerto Rico Supreme Court has recognized the existence of a cause of action for intentional interference with a contract under Puerto Rico civil law. In this sense, the Puerto Rico Supreme Court has explained that four elements must be met to prove a claim for intentional interference with a contract:

> In the first place, **there must be a contract with which a third person interferes. If what is affected is an expectation or a profitable financial relationship where there is no contract, the action does not lie**, although it is possible that liability be incurred under other judicial principles.

> In the second place, fault must be present. We adopt the opinion of the majority according to which the prejudiced party need only show or present facts allowing the court to infer that the third person has acted tortiously, with knowledge of the contract's existence.

> The third element is that there must be a damage to the plaintiff. The fourth element is that said damage must be a consequence of the tortious acts of the third person. The necessary causal nexus is that between the act of the third person and its effect on the prejudiced party. That the prejudiced party's co-contractor has had the intention to breach the contract, is irrelevant to this end. It suffices that the third person has provoked or contributed to the breach.

*Gen. Office Prods. v. A.M. Capen's Sons*, 115 D.P.R. 553, 558-59 (1984) (emphasis added) (official translation). For all these reasons, La Carpa is liable to ASFI under Art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141.

On July 31,, 2008, Craig Anderson showed up unannounced in San Juan, Puerto Rico, and attended a meeting between ASFI and La Carpa at the Embassy Suites Hotel in San Juan. Bernie Coyle and Drew Backstrand participated for ASFI and Humberto Pérez, Benji Pérez and Debra Pérez for La Carpa. ASFI and La Carpa discussed the need to modify the contracts because of the grossly underbid fixed prices agreed to by Craig Anderson with La Carpa when he was Chief Executive Officer of ASFI. Craig Anderson claimed he was asked by the spiritual leader of La Carpa, Dr. De Soto, to attend the meeting to try to work something out between the parties. He also claimed that he was not being paid by La Carpa for this meeting between personnel of ASFI and La Carpa, and was only being reimbursed for his plane fare and accommodations by La Carpa.

Craig Anderson negotiated with ASFI, on behalf of La Carpa, as an adversary to ASFI, to argue against any changes to the contracts requested by ASFI at that time due to increased steel purchasing costs for the project and the grossly underbid contract price, and to negotiate on behalf of La Carpa to the detriment of ASFI, breaching his duties of confidentiality, loyalty and his fiduciary duties to ASFI. Craig Anderson was in San Juan the day before said meeting, advising La Carpa personnel and divulging confidential

information about ASFI to La Carpa. At that time,  he engaged in conduct that  breached hisfiduciary, loyalty, care and confidentiality duties he owed to ASFI as its former CEO and under a ninety day post-employment consulting agreement with ASFI. Upon information and belief, ASFI also understands that Craig Anderson had been advising La Carpa and providing them with confidential information from ASFI, all in violation of his contract and his fiduciary, loyalty, care, confidentiality and other duties towards ASFI, while he was under contract with ASFI.

"It is well-settled law in Puerto Rico that corporate directors and officers have fiduciary duties of loyalty and care towards the corporation they serve." *See Vázquez Cintrón v. Banco de Desarrollo Económico para Puerto Rico*, 171 D.P.R. 1, 44 (P.R. 2007, concurrent opinion).  Said fiduciary duties compel officers and directors to execute their responsibilities for the corporation's benefit, with honesty, good faith and loyalty. *See id.* (citing C.E. Díaz Olivo, *Corporaciones*, San Juan, Pubs. Puertorriqueñas, 1999, p. 112; C.E. Díaz Olivo, *La responsabilidad de los directores y oficiales de la corporación, un análisis comparado: Estados Unidos, España y Puerto Rico*, 52 Rev. C. Abo. P.R. 183-184 (1991); L.M. Negrón Portillo,*Derecho Corporativo Puertorriqueño*, 2da ed., San Juan, [s. Ed.], 1996, p. 219).

Similarly, the United States District Court for the District of Puerto Rico has acknowledged that "[t]wo fiduciary duties *inhere* to a corporate board of directors: the duty of loyalty and the duty of care." *García v. Carrión***,** 2010 WL 3662593, (D.Puerto Rico 2010).  The court went on to note that the Delaware Supreme Court has recognized these two separate duties and has equated the terms "loyalty" with "good faith" and

"care" with "due diligence." *See id.* (citing *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 368 n.36 (Del. 1993)).

La Carpa knew that Craig Anderson was under contract with ASFI and that Craig Anderson had fiduciary, confidentiality, loyalty, care and other duties towards ASFI that he was breaching by providing advice and confidential information regarding ASFI to La Carpa. For all these reasons, La Carpa is liable to ASFI under Art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141.

Tim Nee, a former employee of ASFI, was laid off in October 2008. As a result of his layoff, Tim Nee got a cash severance package from ASFI under a written severance agreement, which included several obligations owed to ASFI by Tim Nee in consideration of the severance payment. Specifically, Tim Nee agreed to not disclose any proprietary or confidential information he had obtained from ASFI to any third party. Tim Nee breached his confidentiality obligations under the severance agreement with ASFI.

Upon information and belief, La Carpa knew that Craig Anderson and Tim Nee were obtaining and divulging proprietary and confidential information from ASFI, including but not limited to information about ASFI's project bids, copies of certain bids submitted by ASFI to potential customers, and ASFI's sales forecast pipeline, in breach of Tim Nee's severance agreement, and benefitted from such conduct by using such confidential information to the detriment of ASFI in their own attempts to: (i) convince La Carpa to terminate the relationship with ASFI and work with a competing company owned and operated by Craig Anderson and Tim Nee to complete the fabrication of the open air worship center for La Carpa; and (ii) bid against ASFI on other projects,

knowing that ASFI was bidding on such projects and, on information and belief, even knowing the exact bid of ASFI on certain projects. La Carpa tortiously interfered with the severance agreement of Tim Nee. For all these reasons, La Carpa is liable to ASFI under Art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141.

All of these actions by La Carpa have resulted in damages to ASFI in an amount to be proven at trial. All of these actions by La Carpa require that this Honorable Court resolve the contracts between the parties. However, ASFI must be compensated for all materials and services rendered to La Carpa in excess of the fixed price of the materials contract.

La Carpa's damages were caused by its own negligence or the negligence or breach of fiduciary, loyalty, care, confidentiality and other duties to ASFI of Craig Anderson, Tim Nee, DPM Fabric Structures LLC, a company competitive to ASFI organized by Craig Anderson and Tim Nee in September 2008, or other third parties unrelated to ASFI. Consequently, ASFI is not liable for La Carpa's damages, if any.

Under Puerto Rico law, a contract is only valid and binding when the following requisites are met: (i) the consent of the contracting parties; (ii) a definite object which may be the subject of the contract; and (iii) the cause for the obligation which may be established. Art. 1213 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3391. Absent any of these requisites, a contract cannot be binding. Art. 1230 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3451. In the present case, all of the elements are missing.

"Consent given by error, under violence, by intimidation, or deceit shall be void." Art. 1217 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3404. ASFI did not freely consent to the contract.

In the present case, ASFI was under duress at the time of the execution of the contract. Art. 1219 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3406. Consequently, its consent is void, and the contract between ASFI and La Carpa is unenforceable against ASFI.

Furthermore, La Carpa is estopped from asserting its claim because it acted in bad faith and with unclean hands by conspiring with Craig Anderson and Tim Nee to cause damages to ASFI when it knew Craig Anderson and Tim Nee were breaching fiduciary, loyalty, care, confidentiality and other duties towards ASFI. "There is deceit when by words or insidious machinations on the part of one of the contracting parties the other is induced to execute a contract which without them he would not have made." Art. 1221 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3408. This bad faith and deceit makes the contract between the parties null and void. Art. 1222 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3409.

"Article 1054 of the Civil Code, 31 L.P.R.A. Sec. 3018, establishes the general rule that those who 'in fulfilling their obligations are guilty of fraud … shall be subject to indemnity for the losses and damages caused thereby.'" *In re Las Colinas, Inc.*, 294 F. Supp. 582, 598 (1968), *rev'd. on other grounds*, 426 F.2d 1005 (1970). Furthermore, the Puerto Rico Supreme Court has explained that "[a] personal action for fraud is a primary action in damages that does not depend on any previous declaration of nullity." *Ríos Méndez v. Banco Popular de P.R.*, 81 D.P.R. 378, 427 (1959) (citing *Pontón v. Sucesores de Huertas González*, 42 D.P.R. 529, 539 (1931)) (translation ours). "Under Puerto Rico law, a party charging fraud must establish four elements: (1) that a false representation was made to consummate the fraud; (2) that the fraud was consummated by virtue of

such a representation; (3) that there was an intent to defraud; and (4) that there was justifiable reliance upon the misrepresentation." *F.C. Imports, Inc. v. First Nat. Bank of Boston, N.A.*, 816 F. Supp. 78, 87 (D.P.R. 1993) (citing *Monclova v. Financial Credit Corp.*, 83 D.P.R. 770 (1961) (false statement of fact and intention to induce plaintiff are required elements of fraud action); *Carrasquillo v. Lippitt & Simonpietri*, 98 D.P.R. 659 (1970) (reliance is required element of fraud action). *See also Puerto Rico Power Authority v. Action Refund*, 472 F. Supp. 2d 133, 138-39 (D.P.R. 2006); *Wadsworth, Inc. v. Schwarz-Nin*, 951 F. Supp. 78, 87 (D.P.R. 1996).

Additionally, there was error or mistake with respect to the object of the contract, and La Carpa was aware of ASFI's error or mistake. "In order that the error may invalidate the consent, it must refer to the substance of the thing, which may be the object of the contract, or to those conditions of the same, which should have been principally the cause of its execution." Art. 1218 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3405.

ASFI is also not liable under the contract with La Carpa because of failure of consideration. "Contracts without consideration or with an illicit one have no effect whatsoever." Art. 1227 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3432. The Puerto Rico Supreme Court has been willing to invalidate contracts where no adequate cause or consideration was given in arms-length transactions. *See Monserrate v. Lopés*, 80 D.P.R. 491, 501 (1958) ("we face a clear case of absolute or radical nullity of a buy-sell contract for lack of cause, for lack of price, devoid of juridical effect") (translation ours). The consideration given for the materials and work to be performed by ASFI was grossly insufficient. In this sense, ASFI was fraudulently induced to enter into an

unconscionable contract with grossly insufficient consideration. Art. 1221 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3408.

In fact, it was impossible for ASFI to perform under the contract. In such circumstances, the requirement of "object" for a contract is not met, and the contract is not valid or binding. "Things or services which are impossible cannot be the object of a contract." Art. 1224 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3422.

Furthermore, there have been changes in circumstances that excuse ASFI's nonperformance. These changes were due to a force majeur, outside of ASFI's control. The doctrine of *rebus sic stantibus*, then, excuses ASFI's nonperformance. "No one shall be liable for events which could not be foreseen, or which having been foreseen were inevitable, with the exception of the cases expressly mentioned in the law or those in which the obligation so declares." Art. 1058 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3022.

For all these reasons, the contract between the parties is unconscionable. The unconscionability excuses any further performance by ASFI under the contract.

ASFI was also excused from performing under the contract by La Carpa's multiple breaches to its obligations, pursuant to the doctrines of *exceptio non adimpleti contractus* and *exceptio non rite adimpleti contractus*. Article 1077 of the Puerto Rico Civil Code states: "The right to rescind the obligations is considered as implied in mutual ones, **in case one of the obligated persons does not comply with what is incumbent upon him**." 31 P.R. Laws Ann. § 3052 (emphasis added). Consistent with this rule, Article 1053 of the Puerto Rico Civil Code further explains that "[i]n mutual obligations none of the persons bound shall incur default if the other does not fulfill or does not

submit to properly fulfill what is incumbent upon him." 31 P.R. Laws Ann. § 3017. "This general principle of reciprocal contracts law is known under the civil law doctrine as the exception of a contract not performed (exceptio non adimpleti contractus)." *Álvarez v. Rivera*, 165 D.P.R. 1, 20 (2005) (translation ours).

Furthermore, the Puerto Rico Supreme Court has also explained that "[t]here exists a modality of the exception of a contract not performed that the case law and the civil law doctrine have recognized as the 'exception of a contract not performed adequately' or 'exception of lack of regular performance,' known in Latin as the exceptio non rite adimpleti contractus." *Id.* at 20-21 (citations omitted) (translation ours). This exception applies when one of the parties has only performed in a partial or defective manner, failing to adequately comply with its obligations under the contract. *Id.* at 21. The exception non rite adimpleti contractus doctrine may be invoked by a party to a contract when the other party has only partially or defectively performed. *Id.* Pursuant to said doctrine, the first party is not obligated to perform on his obligations under the contract until the other breaching party has satisfied his/her obligations. *Id.*

In the present case, La Carpa has failed to perform its obligations under the agreement between the parties, as specified above. Consequently, ASFI has been, and still is, under no obligation to perform its part of the reciprocal contract. Hence, no breach or default could possibly be attributed to ASFI.

It should also be noted that any claim against ASFI must be offset by amounts owed by La Carpa to ASFI. "Compensation shall take place when two (2) persons, in their own right, are mutually creditors and debtors of each other." Art. 1149 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3221. "The effect of compensation is to extinguish

both debts to the concurrent amount, even when the creditors and debtors have no knowledge thereof." Art. 1156 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3228.

La Carpa cannot recover the damages sought because it has failed to mitigate its damages by, among other things, refusing to utilize the steel and fabric materials specifically procured and built for the project. In claims to recover damages, plaintiffs must take all necessary steps to reduce or limit amount of damages suffered whenever possible. *Computer Systems Corp. v. General Automation, Inc.*, 599 F. Supp. 819 (D.P.R. 1984); *Fresh-o-Baking Co. v. Molinos de P.R.*, 103 D.P.R. 509 (1975); *Stella v. Municipality*, 76 P.R.R. 763 (1954); *López v. American R.R. Co.*, 50 P.R.R. 1 (1936). Doctrine of mitigation of damage, which applies in Puerto Rico, provides that anyone trying to recover damages resulting from someone else's actions must mitigate such damages or else suffer substantial reduction of award. In actions for damages, the doctrine of mitigating the latter is based on the reasonability of the prejudiced party's conduct at the time of facing a critical situation. *Industrial Dev. Co. v. León*, 99 P.R.R. 615 (1971). The plaintiff must be charged with responsibility for his failure to minimize the damages. *Palmer v. Barreras*, 73 P.R.R. 266 (1952).

Under Puerto Rico law, a defendant is only liable for those damages that were proximately caused by his actions. *Miranda v. E.L.A.*, 137 D.P.R. 700 (1994). ASFI's actions were not the proximate cause of La Carpa's alleged damages. "The losses and damages for which a debtor in good faith is liable, are those foreseen or which may have been foreseen, at the time of constituting the obligation, and which may be a necessary consequence of its nonfulfillment." Art. 1074 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3024. Additionally, La Carpa's alleged damages are speculative and,

therefore, unrecoverable. The Puerto Rico Supreme Court has specifically established that speculative damages are unrecoverable under Puerto Rico law. *See, e.g., Goenaga v. West Indies Trading Corp.*, 88 D.P.R. 865, 911 (1963) (prohibiting speculative damages); *White Star Bus Line, Inc. v. Glens Falls Indemnity Co.*, 60 D.P.R. 852, 861 (1942) (same). *See also MVM Inc. v. Rodríguez*, 568 F. Supp. 2d 158, 170 (D.P.R. 2008) (recognizing prohibition on awarding speculative damages).

## II.

## PROPOSED UNCONTESTED FACTS

**A.     Plaintiff**

None at this time.

**B.     Defendant**

None at this time.

## III.

## FACT AND EXPERT WITNESSES

**A.     Plaintiff - Individuals likely to have discoverable information**

At this time, the parties have not conducted any discovery in the captioned action. The following disclosures are made subject to the information reasonably available to Defendant and undersigned counsel at this time. These disclosures are made: (i) without admitting or conceding the admissibility (including, but not limited to, authenticity, relevance, hearsay or any other evidentiary basis) of any of the information or documents; (ii) reserving all rights to object during discovery or at trial; (iii) reserving the right to rely upon the individuals identified in these disclosures for subjects other than those identified herein; (iv) reserving the right to invoke the attorney-client privilege, work product doctrine, or any other applicable privilege or exemption; and (v) reserving

the right to amend these disclosures and the list of potential witnesses or documentary evidence, including the right to choose not to call or present some of the witnesses or evidence here listed at trial, without being subject to any type of adverse presumption.

1. **Jerusa Gonzalez – General Counsel for La Carpa**

Has knowledge of facts as to arguments and documents prepared.

2. **Bernie Coyle – Chief Executive Officer of ASFI**

Has knowledge of the facts regarding the controversy between the parties and about the nature and extension of the damages claimed.

3. **Volkan Kebeli – Ex Chief Executive Officer of ASFI**

Has knowledge of the facts regarding the controversy between the parties and about the nature and extension of the damages claimed.

4. **Drew Backstrand – General Counsel for North Central Equity LLC and ASFI**

Has knowledge of the facts regarding the controversy between the parties and about the nature and extension of the damages claimed.

5. **Julio Cruz López – President of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

6. **Humberto Pérez Ortiz – Treasurer of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

7.      **José Benjamín Pérez Matos – Secretary of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

8.      **Debra Pérez – Employee of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

9.      **Craig Anderson – Ex Chief Executive Officer of ASFI and current Chief Executive Officer of DPM Structures, LLC**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

10.     **Timothy R. Nee – Ex employee of ASFI and current employee of DPM Structures, LLC**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

11.     **Chris Longley – Ex employee of ASFI**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

12.     **La Carpa Corporation**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

13.     **DPM Structures, LLC**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

14.     **Any witnesses identified by Defendant in its initial disclosures**

As to any expert witnesses, Defendant will make its expert disclosures, if any, pursuant to the deadlines set forth in the "Proposed Discovery" section of this Memorandum.

Plaintiff reserves the right to supplement this list and delete any of these individuals as witnesses once discovery is completed. Plaintiff also reserves the right to include in its list of witnesses any or all of the witnesses announced by Defendant.

**B.     Defendant - Individuals likely to have discoverable information**

At this time, the parties have not conducted any discovery in the captioned action. The following disclosures are made subject to the information reasonably available to Defendant and undersigned counsel at this time. These disclosures are made: (i) without admitting or conceding the admissibility (including, but not limited to, authenticity, relevance, hearsay or any other evidentiary basis) of any of the information or documents; (ii) reserving all rights to object during discovery or at trial; (iii) reserving the right to rely upon the individuals identified in these disclosures for subjects other than those identified herein; (iv) reserving the right to invoke the attorney-client privilege, work product doctrine, or any other applicable privilege or exemption; and (v) reserving

the right to amend these disclosures and the list of potential witnesses or documentary evidence, including the right to choose not to call or present some of the witnesses or evidence here listed at trial, without being subject to any type of adverse presumption. The disclosures contained herein are preliminary and based on information presently available to Defendant. Defendant's investigation in this matter is ongoing, and Defendant does not concede that the prospective testimony of any individual identified herein, any document or category of documents identified herein, or any other information herein is discoverable, non-privileged, or admissible. In light of the foregoing, Defendant reserves the right to supplement or amend the following disclosures at any time, if deemed necessary.

1.      **Bernie Coyle – Chief Executive Officer of ASFI**

Has knowledge of the facts regarding the controversy between the parties and about the nature and extension of the damages claimed.

2.      **Volkan Kebeli – Ex Chief Executive Officer of ASFI**

Has knowledge of the facts regarding the controversy between the parties and about the nature and extension of the damages claimed.

3.      **Drew Backstrand – General Counsel for North Central Equity LLC and ASFI**

Has knowledge of the facts regarding the controversy between the parties and about the nature and extension of the damages claimed.

4.      **Julio Cruz López, President of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

5.      **Humberto Pérez Ortiz – Treasurer of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

6.      **José Benjamín Pérez Matos – Secretary of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

7.      **Debra Pérez – Employee of La Carpa**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

8.      **Craig Anderson – Ex Chief Executive Officer of ASFI and current Chief Executive Officer of DPM Structures, LLC**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

9.      **Timothy R. Nee – Ex employee of ASFI and current employee of DPM Structures, LLC**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

10.     **Chris Longley – Ex employee of ASFI**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

11.     **La Carpa Corporation**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

12.     **DPM Structures, LLC**

Has knowledge of the facts regarding the controversy between the parties, the agreements between the parties and the actions taken by the parties with respect to the project.

13.     **Any witnesses identified by Defendant in its initial disclosures**

As to any expert witnesses, Defendant will make its expert disclosures, if any, pursuant to the deadlines set forth in the "Proposed Discovery" section of this Memorandum.

Defendant reserves the right to supplement this list and delete any of these individuals as witnesses once discovery is completed. Defendant also reserves the right to include in its list of witnesses any or all of the witnesses announced by Plaintiff.

# IV.

# DOCUMENTARY EVIDENCE

**A.**     **Plaintiff's potential documentary and other tangible evidence**

At this time, the parties have not conducted any discovery in the captioned action. The following disclosures are made subject to the information reasonably available to Plaintiff and undersigned counsel at this time. These disclosures are made: (i) without admitting or conceding the admissibility (including, but not limited to, authenticity, relevance, hearsay or any other evidentiary basis) of any of the information or documents; (ii) reserving all rights to object during discovery or at trial; (iii) reserving the right to rely upon the individuals identified in these disclosures for subjects other than those identified herein; (iv) reserving the right to invoke the attorney-client privilege, work product doctrine, or any other applicable privilege or exemption; and (v) reserving the right to amend these disclosures and the list of potential witnesses or documentary evidence, including the right to choose not to call or present some of the witnesses or evidence here listed at trial, without being subject to any type of adverse presumption. The disclosures contained herein are preliminary and based on information presently available to Plaintiff. Plaintiff's investigation in this matter is ongoing, and Plaintiff does not concede that the prospective testimony of any individual identified herein, any document or category of documents identified herein, or any other information herein is discoverable, non-privileged, or admissible. In light of the foregoing, Plaintiff reserves the right to supplement or amend the following disclosures at any time, if deemed necessary.

**B.**      **Defendant's potential documentary and other tangible evidence**

At this time, the parties have not conducted any discovery in the captioned action. The following disclosures are made subject to the information reasonably available to Defendant and undersigned counsel at this time. These disclosures are made: (i) without admitting or conceding the admissibility (including, but not limited to, authenticity, relevance, hearsay or any other evidentiary basis) of any of the information or documents; (ii) reserving all rights to object during discovery or at trial; (iii) reserving the right to rely upon the individuals identified in these disclosures for subjects other than those identified herein; (iv) reserving the right to invoke the attorney-client privilege, work product doctrine, or any other applicable privilege or exemption; and (v) reserving the right to amend these disclosures and the list of potential witnesses or documentary evidence, including the right to choose not to call or present some of the witnesses or evidence here listed at trial, without being subject to any type of adverse presumption. The disclosures contained herein are preliminary and based on information presently available to Defendant. Defendant's investigation in this matter is ongoing, and Defendant does not concede that the prospective testimony of any individual identified herein, any document or category of documents identified herein, or any other information herein is discoverable, non-privileged, or admissible. In light of the foregoing, Defendant reserves the right to supplement or amend the following disclosures at any time, if deemed necessary.

**1.**      *See* **ASFI's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).**

Defendant reserves the right to amend this list of documentary and other tangible evidence pursuant to Fed. R. Civ. P. 26(e).

The parties agree that the inadvertent disclosure of privileged documents can be retrieved without waiving any objections if reasonable notice is provided.

**V.**

**PROPOSED DISCOVERY**

The parties have conferred pursuant to Fed. R. Civ. P. 26(f). In addition to the deadlines set forth in the *Order Setting Initial Scheduling and Case Management Conference*, Docket No. 37, the parties have agreed to the following additional deadlines:

- All written discovery will be propounded by April 30, 2011.

- Depositions will be taken beginning in April 2011 through August 2011. Defendant reserves the right to depose Plaintiff before any of its witnesses are deposed.

- Plaintiff will disclose any expert witnesses and their reports, pursuant to Fed. R. Civ. P. 26, on or before June 30, 2011.

- Defendant will disclose any expert witnesses and their reports, pursuant to Fed. R. Civ. P. 26, on or before June 30, 2011.

- Any dispositive motions shall be filed by February, 2012.

**A.      Plaintiff**

Plaintiff will be serving Requests for Production, Interrogatory Requests and Requests for Admissions on Defendant within the deadlines agreed to by the parties. Plaintiff reserves the right to conduct additional discovery within the deadline ordered by the Court, including scheduling the depositions of some or all of Defendant's witnesses.

**B.      Defendant**

Defendant will be serving Requests for Production, Interrogatory Requests and Requests for Admissions on Plaintiff within the deadlines agreed to by the parties.

Defendant reserves the right to conduct additional discovery within the deadline ordered by the Court, including scheduling the depositions of some or all of Plaintiff's witnesses.

**Defendant also hereby moves the Court for an extension of time to file third-party complaints in the present action.** Defendant needs to conduct at least some initial discovery before it can make an informed decision whether to file claims against third parties regarding the facts of this case. As such, Defendant hereby requests that the Court extend the deadline to file third-party claims in the present case until May 31, 2010, when all written discovery would be concluded pursuant to the discovery deadlines proposed by the parties above.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 22nd day of November 2010.

**ATTORNEYS FOR PLAINTIFF**

s/ LORENZO J. PALOMARES
LORENZO J. PALOMARES, PSC
USDC #218017

421 Muñoz Rivera
Midtwon Bldg, Penthouse 1001
Hato Rey, PR 00918
Tel: (787) 753-7441
Fax: (787) 622-2540
Email: palolaw@gmail.com

*Attorneys for La Carpa Corporation*

**ATTORNEYS FOR DEFENDANT**

s/ Jorge R. Roig Colón
JORGE R. ROIG COLÓN
USDC-PR 220706

ROIG COLÓN, LLC
PO Box 193077
San Juan, PR 00919-3077
Tel.: (787) 773-6363
Fax: (888) 450-9876
e-mail: jroig@gonzalezroig.com

*Attorneys for American Spaceframe Fabricators LLC*